UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RYAN JOSEPH PADILLA and
ROBERTO RODRIGUEZ,

        Plaintiffs,

v.                            Case No: 6:14-cv-1770-Orl-28KRS

THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

        Defendant.

## ORDER

This case is before the Court on The Travelers Home and Marine Insurance Company's Motion to Dismiss Counts II and III of Plaintiff[s'] Complaint (Doc. 11). Plaintiffs, Ryan Joseph Padilla and Roberto Rodriguez, filed a Response (Doc. 14) to the motion. As set forth below, the motion is granted. However, Plaintiffs will be afforded an opportunity to replead Count II.

**I.   Background[1]**

On April 20, 2011, Padilla negligently operated an automobile owned by Rodriguez, causing a collision with another automobile driven by Miguel Quinones. (Compl., Doc. 2, ¶ 5). At the time of the collision, Rodriguez was insured by Travelers under a policy with bodily injury limits of $25,000 per person/$50,000 per accident. (Id. ¶ 4). Padilla was an insured driver under the policy. (Id.).

---

[1] The facts in the Background section are taken from the Complaint and are accepted as true for the purpose of ruling on the motion to dismiss.

In June 2011, Quinones's attorneys sent a demand letter to Travelers, setting a deadline of July 15, 2011, for tender of the policy limits. (Id. ¶ 8). Travelers offered $7500 and Quinones declined that offer. (Id. ¶ 9). Travelers did not tender its policy limits by July 15, 2011, and Quinones filed a lawsuit in state court against Padilla and Rodriguez in September 2011. (Id. ¶¶ 10-11). When Travelers received the suit papers, it "immediately attempt[ed] to belatedly offer the policy limits." (Id. ¶ 12). In the state court suit, the parties entered into an agreement and the judge entered a Stipulated Consent Judgment Agreement of $250,000 on July 23, 2013. (Id. ¶ 13). Six days later, a judgment in that amount was entered against Plaintiffs. (Id.).

Plaintiffs then initiated this case by filing a three-count Complaint (Doc. 2) in state court against Travelers, alleging bad faith (Count I), breach of contract (Count II), and breach of fiduciary duty (Count III). Travelers removed the case to this Court, (Notice of Removal, Doc. 1), and now seeks dismissal of Counts II and III for failure to state a claim on which relief can be granted.

## II. Legal Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded

2

factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

III. **Discussion**

    A. **The Parties' Arguments and Cited Cases**

Travelers argues that Plaintiffs' claims for breach of contract (Count II) and breach of fiduciary duty (Count III) should be dismissed because they are duplicative of the bad faith claim asserted in Count I of the Complaint. Travelers asserts that Counts II and III are "wholly subsumed within the claim for [b]ad [f]aith and seek relief which is clearly duplicative in nature." (Mot. Dismiss at 3). Plaintiffs, on the other hand, maintain that Counts II and III are independent of, and distinct from, the bad faith claim and should not be dismissed.

Florida substantive law governs this diversity case, and the task of this federal court is to apply established Florida law or, in the absence of such established law, to predict how the Supreme Court of Florida would rule on the state law questions presented. See GuideOne Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1326 n.5 (11th Cir. 2005). The parties have cited conflicting authority—none from the Supreme Court of Florida or a Florida appellate court—on the specific issue of whether claims for breach of contract and breach of fiduciary duty are duplicative of a third-party bad faith claim. Travelers relies largely on Government Employees Insurance Co. v. Prushansky, No. 12-80556-CIV, 2012 WL 6103220 (S.D. Fla. Dec. 7, 2012), in which the court found that claims of breach of contract and breach of fiduciary were subsumed within a third-party insurance bad faith claim.[2] Plaintiffs, on the other hand, note that in two other

---

[2] Travelers has attached to its motion other federal court decisions from the Southern District of Florida that have followed Prushansky. See Torres v. GEICO Gen.

3

cases—one federal and one state—trial court judges determined that such claims may indeed be brought along with a bad faith claim. See Merrett v. Liberty Mut. Ins. Co., No. 3:10-cv-1195-J-12MCR, 2012 WL 1481511 (M.D. Fla. Apr. 27, 2012) (Melton, J.) (attached as Ex. A to Doc. 14)[3]; Waldo v. Nobrega, Case No. 2007-CA-001551 (Fla. 19th Cir. Ct. Mar. 8, 2013) (attached as Ex. B to Doc. 14).  Having considered the cases cited by the parties and other pertinent law, I conclude that the Supreme Court of Florida would rule that Plaintiffs' breach of fiduciary duty claim is duplicative of their bad faith claim but that the breach of contract claim is potentially viable even alongside the claim for bad faith.

In Prushansky, upon which Travelers relies, the plaintiff brought claims of bad faith, breach of contract, and breach of fiduciary duty against its liability insurer, just as in the case at bar.  The court granted the insurer's motion to dismiss the breach of contract and breach of fiduciary claims as duplicative, relying on QBE Insurance Co. v. Chalfonte Condominium Apartment Ass'n, Inc., 94 So. 3d 541 (Fla. 2012).  In QBE—which arose in the first-party property insurance context rather than the third-party liability setting—the Supreme Court of Florida addressed a question certified to it by the U.S. Court of Appeals

---

Ins. Co., Case No. 13-CV-80583-RYSKAMP/HOPKINS (S.D. Fla. Nov. 21, 2013) (attached as Ex. A to Doc. 11); Milne v. Liberty Ins. Corp., Case No. 13-cv-80509-DMM/DLB (S.D. Fla. June 17, 2014) (attached as Ex. B to Doc. 11); Murankus v. State Farm Mut. Auto. Ins. Co., Case No. 13-14114-CIV-GRAHAM/LYNCH (S.D. Fla. May 13, 2013) (attached as Ex. C to Doc. 11).

[3] Judge Melton's ruling in Merrett was issued prior to Prushansky. Two other judges making later rulings in the Merrett case declined to change Judge Melton's ruling regarding whether the breach of contract and breach of fiduciary duty claims were duplicative. See 2013 WL 1245860, at *5 (M.D. Fla. Mar. 27, 2013) (Schlesinger, J.) ("The Court is not persuaded to change its previous ruling [in light of Prushansky]. . . . Absent clearer indication from Florida courts on this issue, the Court finds no basis to reverse its previous ruling that [the] claims for breach of contract and breach of fiduciary duty are not due to be dismissed as a matter of law."); 2013 WL 5289095 (M.D. Fla. Sept. 19, 2013) (Howard, J.) (denying reconsideration of March 27, 2013 order).

4

for the Eleventh Circuit: "Does Florida law recognize a claim for breach of the implied warranty of good faith and fair dealing by an insured against its insurer based on the insurer's failure to investigate and assess the insured's claim within a reasonable period of time?" 94 So. 3d at 545.

The QBE court discussed the history of bad faith law in Florida, explaining that at common law, a claim for bad faith existed in the context of third-party insurance but not first-party insurance. Then, in 1982, the legislature enacted section 624.155, Florida Statutes, extending bad-faith actions to the first-party setting. The QBE court noted that the covenant of good faith and fair dealing "is intended to protect 'the reasonable expectations of the contracting parties in light of their express agreement'" and that the Supreme Court had "specifically declined to adopt the doctrine of reasonable expectations in the context of insurance contracts." 94 So. 3d at 549 (quoting Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc., 785 So. 2d 1232, 1234 (Fla. 4th DCA 2001), and citing Deni Assocs. of Fla., Inc. v. State Farm Fire & Cas. Ins. Co., 711 So. 2d 1135, 1140 (Fla. 1998)). The court then answered the certified question in the negative, concluding that "first-party claims [for breach of the implied warrant of good faith and fair dealing] are actually statutory bad-faith claims that must be brought under section 624.155 of the Florida Statutes," id. at 549, and rejected the insured's argument "that its claim for a violation of the implied warranty of good faith and fair dealing is not the same as a bad-faith claim by a first party," id. at 547.

The Prushansky court concluded that QBE "support[ed] [the insurer's] argument that a breach of contract claim and breach of fiduciary claim is duplicative of the bad faith claim."

2012 WL 6103220 at *3. The court noted that QBE involved a first-party bad faith claim rather than a third-party bad faith claim but did not find that distinction significant. Id. at *4.

Merrett, the federal case cited by Plaintiffs, was decided one month before the Supreme Court of Florida's QBE decision. The Merrett court rejected the insurer's argument that the breach of contract and breach of fiduciary duty claims were duplicative of the bad faith claim. 2012 WL 1481511 at *3. The court concluded that "the trier of fact could find that [the insurer] breached the insurance contract without finding it liable for bad faith or breach of fiduciary duty." Id. And, in addressing cases cited by the plaintiff that included the trial court's decision in QBE, the Merrett court noted that "the cause of action at issue in this case is breach of fiduciary duty, not breach of implied covenant of food faith and fair dealing which the cited cases recognize has been abolished in the state of Florida." Id. at *3-4. The state court decision cited by Plaintiffs—Nobrega—denied the motion to dismiss without discussion, stating only that the claims were not "legally duplicative" and that pleading rules allow inconsistent pleadings. (See Ex. B to Doc. 14, at 2).

B. Analysis

Having considered the parties' arguments and authority, I conclude that Plaintiffs' breach of fiduciary duty claim is duplicative of the bad faith claim but that the breach of contract claim is not duplicative. However, I reach this conclusion for reasons other than those stated in the cases cited by the parties.

1. Breach of Fiduciary Duty (Count III)

In 1938, the Supreme Court of Florida recognized, in Auto Mutual Indemnity Co. v. Shaw, 184 So. 852 (Fla. 1938), that an insured may sue its insurer for bad faith in the third-party insurance context. The court noted that the relationship between the insurance company and the insured in that setting "'imposes upon the insurer the duty, not under the

terms of the contract strictly speaking, but because of and flowing from it, to act honestly and in good faith toward the insured.'" 184 So. at 859 (quoting Am. Mut. Liability Ins. Co. v. Cooper, 61 F.2d 446, 448 (5th Cir. 1932)). The court held that an insured cannot recover from the insurer "either upon the theory of negligence or of implied contract" but may support his cause of action with "allegations of bad faith." Id. Thus, the Shaw court both recognized the duty owed by the insurer and declared the standard that must be met in order to establish a breach of that duty. That standard is bad faith and nothing less. See also Campbell v. Gov't Employees Ins. Co., 306 So. 2d 525, 530 (Fla. 1974) (noting that in Shaw the Supreme Court "aligned Florida with those states whose standard[] for determining liability in an excess judgment case is bad faith rather than negligence"). For this reason, I conclude that Plaintiffs' breach of fiduciary duty claim in Count III is duplicative of their bad faith claim in Count I.[4]

    2.    *Breach of Contract (Count II)*

Unlike breach of fiduciary duty, breach of contract can be a viable claim in the third-party insurance context even where a bad faith claim is also alleged, as Florida state courts and federal courts in this district have recognized. See, e.g., N. Am. Van Lines, Inc. v. Lexington Ins. Co., 678 So. 2d 1325, 1334 (Fla. 4th DCA 1996) ("[T]he breach of contract count against Lexington stated a cause of action for breach of specific contractual provisions independent of the duty of good faith."); Caldwell v. Allstate Ins. Co., 453 So. 2d 1187 (Fla. 1st DCA 1984) (affirming summary judgment on bad faith count but reversing summary judgment on breach of contract count); Jimenez v. Gov't Employees Ins. Co., No. 6:10-cv-640-Orl-37KRS, 2014 WL 5810466, at *4 n.4 (M.D. Fla. Nov. 7, 2014) (noting that

---

    [4] The Prushansky court relied on QBE in finding the breach of fiduciary duty claim duplicative of the bad faith claim. I do not find it necessary to do so.

7

"the alleged breach of contract for failure to settle is a separate and distinct cause of action from that of bad faith"); cf. Tanaka v. GEICO Gen. Ins. Co., No. 6:11-cv-2002-Orl-31KRS, 2013 WL 3701219, at *3 (M.D. Fla. July 12, 2013) (denying summary judgment motion as to bad faith claim but granting it as to breach of contract claim after analyzing terms of contract and finding no evidence of breach). Simply put, an insurance policy is a contract, and an action may be brought for its breach separate and apart from a claim for bad faith.[5]

However, Plaintiffs' breach of contract claim must be repleaded. In this claim, Plaintiffs reallege by reference prior paragraphs of the Complaint and then state that "[t]he aforesaid acts or omissions of [Travelers] constitute a direct an[d] ongoing breach of contract of insurance." (Compl. ¶ 23). Plaintiffs vaguely allege that the insurance contract "includes an obligation by [Travelers] to indemnify and defend its insured from a judgment in excess of their policy limits." (Id. ¶ 24). It is not clear what provision Plaintiffs allege has been breached or how that breach occurred. Thus, while I cannot conclude that Plaintiffs do not have a viable breach of contract claim to allege, Plaintiffs' pleading of their breach of contract claim is deficient. They will be granted leave to amend Count II.

IV. Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Counts II and III (Doc. 11) is **GRANTED with prejudice** as to Count III and is **GRANTED without prejudice** as to Count

---

[5] The Prushansky court concluded that "the breach of contract claim is subsumed into the bad faith claim" because a claim based on failure to settle "sounds in contract." 2012 WL 6103220 at *3. To the extent the Prushansky court held that a breach of contract claim can never be brought along with a bad faith claim, I disagree with Prushansky. Moreover, I do not find QBE to be instructive on the issue of whether a breach of contract claim is duplicative of a bad faith claim.

II. Count III of the Complaint is **dismissed with prejudice**. Count II of the Complaint is **dismissed without prejudice and with leave to amend**.

2. Plaintiffs may file an amended complaint **on or before Monday, June 15, 2015**, if they wish to replead their breach of contract claim. **Failure to file an amended complaint by that deadline will result in dismissal of Count II with prejudice.**

**DONE** and **ORDERED** in Orlando, Florida, on May 29, 2015.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record