UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RYAN JOSEPH PADILLA and
ROBERTO RODRIGUEZ,

    Plaintiffs,

v.                          Case No: 6:14-cv-1770-Orl-28KRS

THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

    Defendant.

## ORDER

This case is before the Court on The Travelers Home and Marine Insurance Company's Motion to Dismiss Count II of Plaintiff[s'] Amended Complaint (Doc. 32). Plaintiffs filed a Response (Doc. 33) to the motion. As set forth below, the motion is granted.

I.  **Factual and Procedural Background**

Plaintiffs were insured by Travelers under an automobile insurance policy with bodily injury limits of $25,000 per person/$50,000 per accident. After Plaintiff Padilla was involved in an accident in which another driver was injured, Travelers did not tender its policy limits upon demand by the injured driver. The driver sued Plaintiffs in state court, and ultimately a consent judgment for $250,000 was entered against Plaintiffs in that case.

Plaintiffs then filed this lawsuit in state court against Travelers, and Travelers removed it to this Court. (See Docs. 1 & 2). In their initial Complaint (Doc. 2), Plaintiffs brought claims of bad faith (Count I), breach of contract (Count II), and breach of fiduciary

duty (Count III). Travelers moved to dismiss Counts II and III as duplicative of the bad faith claim alleged in Count I. This Court granted Travelers's motion to dismiss, concluding that the breach of fiduciary duty claim was duplicative of the bad faith claim and that Plaintiffs' breach of contract claim was not sufficiently pleaded. (Order, Doc. 26). The Court granted Plaintiffs leave to amend Count II. (See id.). Plaintiffs have now filed an Amended Complaint (Doc. 29) repleading their breach of contract claim.

## II. Discussion

As in its prior motion to dismiss, Travelers again argues that Plaintiffs' breach of contract claim should be dismissed because it is duplicative of their bad faith claim. The Court agrees.

As the Court noted in its prior Order, breach of contract can be a viable cause of action even where a bad faith claim is also alleged. (See Doc. 26 at 7). However, in repleading Count II in their Amended Complaint Plaintiffs again reallege by reference prior general paragraphs of the Complaint and then seek as damages the full amount of the excess judgment. (See Doc. 29 at 6). The Court cannot conclude that Plaintiffs are alleging anything distinct from bad faith, and thus they have not pleaded a plausible claim of breach of contract. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))). Count II will be dismissed with prejudice.

## III. Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Count II (Doc. 32) is **GRANTED.**

2. Count II of the Amended Complaint (Doc. 29) is **dismissed with prejudice.**

**DONE** and **ORDERED** in Orlando, Florida, on August __4__, 2015.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record